GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
JOSEPH R. ROSE, SBN 279092
  jrose@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, California 94111
Telephone:   415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
SHOPIFY (USA) INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW LAZARES, an individual, on behalf of himself, and all others similarly situated;<br><br>        *Plaintiff,*<br><br>    v.<br><br>SHOPIFY (USA), INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>        *Defendants.* | CASE NO. 3:24-cv-7125<br><br>**DEFENDANT SHOPIFY (USA) INC.'S NOTICE OF REMOVAL**<br><br>(Superior Court of San Mateo County Case No. 24-CIV-03532)<br><br>Action Filed:   June 10, 2024<br>Trial Date:      None Set |

**TABLE OF CONTENTS**

I. TIMELINESS OF REMOVAL ........................................................................................... 1

II. SUMMARY OF ALLEGATIONS ..................................................................................... 1

III. GROUNDS FOR REMOVAL ............................................................................................ 2

    A. There Is Complete Diversity of Citizenship.......................................................... 2

    B. The Amount in Controversy Exceeds $75,000 ..................................................... 3

IV. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER .................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ................................................................................2

*Campbell v. Vitran Express, Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ...............................................................................................4

*Coleman v. Estes Express Lines, Inc.*,
  730 F. Supp. 2d 1141 (C.D. Cal. 2010) ......................................................................................5

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
  899 F.3d 785 (9th Cir. 2018) ......................................................................................................7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ....................................................................................................7

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .....................................................................................................................3

*Hopson v. Hanesbrands Inc.*,
  2008 WL 3385452 (N.D. Cal. Aug. 8, 2008) .............................................................................7

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ......................................................................................................2

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ....................................................................................................2

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................................................4

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ......................................................................................................4

*Lippold v. Godiva Chocolatier, Inc.*,
  2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) ............................................................................4

*Muniz v. Pilot Travel Ctrs. LLC*,
  2007 WL 1302504 (E.D. Cal. May 1, 2007) ..............................................................................5

*O'Connor v. Uber Techs., Inc.*,
  58 F. Supp. 3d 989 (N.D. Cal. 2014) .........................................................................................8

*Patel v. Nike Retail Servs., Inc.*,
  58 F. Supp. 3d 1032 (N.D. Cal. 2014) .......................................................................................4

*Rippee v. Boston Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ........................................................................................4

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ......................................................................................................... 3

*Vasquez v. Randstad US, L.P.*,
  2018 WL 327451 (N.D. Cal. Jan. 9, 2018) ................................................................................... 5

**Statutes**

28 U.S.C. § 84(a) .................................................................................................................................. 8

28 U.S.C. § 1332(a)(1) ..................................................................................................................... 2, 3

28 U.S.C. § 1332(c)(1) ......................................................................................................................... 3

28 U.S.C. § 1446(b) ............................................................................................................................. 1

28 U.S.C. § 1446(c)(2)(B) .................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 6(a)(1) .......................................................................................................................... 1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MATTHEW LAZARES AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Shopify (USA) Inc. ("Shopify" or "Defendant") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 24-CIV-03532 in the Superior Court of San Mateo County, State of California. Removal is proper for the reasons set forth below.

## I.    TIMELINESS OF REMOVAL

1. Plaintiff Matthew Lazares ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against Shopify in San Mateo Superior Court, Case No. 24-CIV-03532, on June 10, 2024. Plaintiff did not serve this Complaint on Shopify.

2. Plaintiff filed a First Amended Class Action Complaint ("First Amended Complaint") in the same action on September 11, 2024. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) First Amended Complaint, (b) Complaint, (c) Summons, (d) Civil Case Cover Sheet, (e) Notice of Assignment for All Purposes, (f) Case Management Order, (g) Affidavit of Mailing, (h) Minute Order, (i) Notice of Complex Case Management Conference, (j) Proof of Service of Summons ("Proof of Service"), (k) Plaintiff's Notice of Change of Address; (l) Shopify's Answer to First Amended Complaint, and (m) Proof of Service are attached as Exhibits A–M to the concurrently filed Declaration of Joseph R. Rose ("Rose Decl.").

3. According to the Proof of Service, Plaintiff served Shopify with the Summons and First Amended Complaint on September 12, 2024. *See* Rose Decl., Exs. A, J. This notice of removal is therefore timely because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II.    SUMMARY OF ALLEGATIONS

4. The First Amended Complaint asserts nine claims against Shopify on behalf of Plaintiff, putative class members, and allegedly aggrieved employees: (1) failure to pay overtime; (2) failure to provide meal breaks; (3) failure to provide rest breaks; (4) failure to pay minimum wage; (5) failure to

pay wages; (6) failure to provide accurate itemized wage statements; (7) failure to pay all wages earned upon discharge; (8) unlawful business practices; and (9) civil penalties pursuant to California's Private Attorney General Act ("PAGA").

5. Plaintiff contends that Shopify violated various California Labor Code provisions by misclassifying employees as exempt outside salespeople and requiring employees to sign certain agreements he characterizes as "unlawful" under California law. *See* Rose Decl., Ex. A ¶¶ 22–97. Plaintiff alleges that the putative class members are entitled to compensatory damages, injunctive relief, restitution, disgorgement, statutory and civil penalties, including under PAGA, and attorneys' fees and costs. *Id.* at pp. 39–40 (Prayer for Relief).

6. Shopify denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of a putative class and/or allegedly aggrieved employees under PAGA. No statement or reference contained here shall constitute an admission of liability or a suggestion that Plaintiff will or could recover any damages based upon the allegations contained in the First Amended Complaint or otherwise. Shopify expressly reserves all rights to oppose class certification and contest the merits of all claims asserted in the First Amended Complaint.

### III.   GROUNDS FOR REMOVAL

7. Removal is proper pursuant to 28 U.S.C. § 1332(a) because there is (A) complete diversity between the parties and (B) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States").

**A.   There Is Complete Diversity of Citizenship**

8. Plaintiff is a citizen of California. For purposes of diversity jurisdiction, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of his domicile. *See, e.g.*, *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016). Plaintiff alleges that he resides in San Mateo County, California. Rose

Decl., Ex. A ¶ 1.  As such, Plaintiff is considered a citizen and domiciliary of California for purposes of removal.  *See id.*; *see also Kanter*, 265 F.3d at 857.

9. Shopify is not a citizen of California.  *See* Declaration of Sarah Harris-John ("Harris-John Decl.") ¶ 2.  A corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  Shopify is a corporation organized under the laws of the State of Delaware, *see* Harris-John Decl. ¶ 2, which Plaintiff acknowledges, *see* Rose Decl., Ex. A ¶ 3.  As such, Shopify is a citizen of Delaware.  The Supreme Court has interpreted the phrase "principal place of business" to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which "should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  Contrary to Plaintiff's allegations, Shopify's principal place of business is in New York, not San Francisco, California.  *See* Harris-John Decl. ¶ 2.  Shopify's New York location constitutes its "nerve center[]" under the *Hertz* test because that is where Shopify maintains its business records and where it elects its high-level officers to oversee the corporation's activities.  *Id.*  Shopify does not have any offices in California.  *Id.*  As such, Shopify is a citizen of Delaware and New York.  *See* 28 U.S.C. § 1332(c)(1).

10. Accordingly, at the time the First Amended Complaint was served and at the time of removal, there was and is complete diversity of citizenship between Plaintiff (a California citizen) and Shopify (a Delaware and New York citizen).  28 U.S.C. § 1332(a)(1).

**B.    The Amount in Controversy Exceeds $75,000**

11. Although Shopify denies that Plaintiff's claims have any merit, Shopify avers, for the purposes of removal *only*, that the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, based on Plaintiff's individual allegations regarding unpaid overtime, non-compliant meal periods, non-compliant rest breaks, and attorneys' fees associated only with those claims.

12. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B).  Although "[u]sually, 'preponderance of the evidence' is a

phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

13. A removing defendant is not required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (quotations and citations omitted). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041.

14. In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)) (emphasis in original).

15. Plaintiff alleges that he earned an annual base salary of $186,500 exclusive of commission, *see id.* ¶ 34, which equates to an approximate hourly rate of $89.66 (assuming 52 weeks in a year and a 40-hour work week). According to Defendant's records, Plaintiff was employed from January 9, 2023, to June 13, 2024, which equates to approximately 74 workweeks. *See* Harris-John Decl. ¶ 3.

16. As established herein, for purposes of removal only, Plaintiff's allegations regarding allegedly unpaid overtime, non-compliant meal periods, non-compliant rest breaks, and attorneys' fees associated with those claims places at least **$105,910.88** in controversy.

17. **Overtime claim**. Plaintiff alleges that he "regularly worked … in excess of forty (40) hours in a week and eight (8) hours in a day" without receiving "overtime one and a half (1.5) times"

his regular rate of pay.  Rose Decl., Ex. A ¶¶ 45–46.  Plaintiff does not specify or estimate the amount of overtime wages that he allegedly did not receive, but alleges that these violations were part of Shopify's "express policy and practice."  *Id.* ¶ 44.  When a complaint "does not allege a more precise calculation" for a violation rate, Ninth Circuit courts "have assumed a 100% violation rate," *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), because the plaintiff is master of his complaint and "could have alleged facts … which would narrow the scope of the … damages sought," *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007).

18.  While Shopify denies liability and makes this calculation for jurisdictional purposes only, a conservative assumption of just 3 overtime hours per week at Plaintiff's approximate hourly rate places $29,856.78 in controversy for his overtime claim alone:

| Conservative estimate of unpaid overtime per workweek (3 hours x [$89.66 per hour x 1.5]): | $403.47 |
|---|---|
| Number of workweeks: | 74 |
| **Amount of overtime in controversy ($403.47 x 74]:** | **$29,856.78** |

19.  ***Meal period and rest break claims***.  Plaintiff claims that he was "regularly denied" "off duty lunch periods," and that he was "required to work through his rest periods[.]"  Rose Decl., Ex. A ¶¶ 41–42.  He thus claims entitlement to "damages equal to [his] applicable hourly rate of pay times the total number of days worked during which [he was] not provided meal periods" or "rest periods."  *Id.* ¶ 128.

20.  For purposes of removal, Shopify assumes a conservative 60% violation rate of just three noncompliant meal periods and three noncompliant rest periods per workweek, at Plaintiff's approximate hourly rate of $89.66, even though courts have assumed violation rates of up to 100% in similar cases.  *See, e.g.*, *Coleman*, 730 F. Supp. 2d at 1150 ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate."); *Muniz*, 2007 WL 1302504, at *4 (allowing defendant to assume a 100% violation rate because plaintiff alleged "no facts specific to the circumstances of her or the class members' allegedly missed meal and/or rest periods" and instead only alleged "a common

course of conduct in violation of the law"); *Vasquez v. Randstad US, L.P.*, 2018 WL 327451, at *5 (N.D. Cal. Jan. 9, 2018) (allowing 100% violation rate for meal period claims).

21. While Shopify denies liability and makes this calculation for jurisdictional purposes only, Plaintiff's meal period and rest break claims place at least $39,809.04 ($19,904.52 for alleged missed meal periods and $19,904.52 for alleged missed rest breaks) in controversy:

| | |
|---|---|
| Conservative estimate of meal period penalties, per work-week (3 x $89.66 hourly rate): | $268.98 |
| Number of workweeks: | 74 |
| Minimum amount in controversy for meal period claim ($268.98 x 74): | $19,904.52 |
| Conservative estimate of rest break penalties, per work-week (3 x $89.66 hourly rate): | $268.98 |
| Number of workweeks: | 74 |
| Minimum amount in controversy for rest break claim ($268.98 x 74): | $19,904.52 |
| **Combined minimum amount in controversy for meal period and rest break claims:** | **$39,809.04** |

22. ***Waiting time penalties***. Plaintiff claims that he was "often [made to] wait an additional pay period or longer" to receive payment of his commissions, and that he was not timely paid all wages due upon separation from Shopify. Rose Decl., Ex. A ¶¶ 88–93. He thus claims he is entitled to waiting time penalties. *See id.* ¶¶ 176–77.

23. While Shopify denies liability and makes this calculation for jurisdictional purposes only, utilizing Plaintiff's approximate hourly rate of $89.66, this places $18,828.60 in controversy for his failure to timely pay wages claim.

| | |
|---|---|
| Estimate of daily earnings (7 hrs. x $89.66 hourly rate): | $627.62 |
| **Waiting time penalties in controversy ($627.62 x 30 day statutory cap):** | **$18,828.60** |

24.     *Attorneys' fees*.  Plaintiff also seeks attorneys' fees.  *See* Rose Decl., Ex. A pp. 39–40 (Prayer for Relief).  "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  Indeed, where "the law entitles [Plaintiff] to an award of attorneys' fees if [he] is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."  *Id*.  Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *4 (N.D. Cal. Aug. 8, 2008) ("Twenty-five percent is considered a benchmark for attorneys' fees in common fund cases").

25.     Shopify denies that any such attorneys' fees are owed in this litigation, but relies on Plaintiff's allegation that he will be entitled to attorneys' fees for purposes of this jurisdictional analysis.  Here, Shopify has established that the amount in controversy is at least $69,665.82 for Plaintiff's individual overtime, meal period, and rest break claims alone, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees.  *See* Rose Decl., Ex. A ¶¶ 117, 129, 139; *see also id*. pp. 39–40 (Prayer for Relief).

26.     Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding alleged overtime, meal period, and rest break violations that he alone experienced results in estimated attorneys' fees of approximately $17,416.46 calculated as follows:

| | |
|---|---|
| Estimated amount in controversy from individual overtime, meal period, and rest break claims: | $69,665.82 |
| Attorneys' fees benchmark: | 25% of $69,665.82 |

| Attorneys' fees in controversy: | $17,416.46 |
|---|---|

27. Thus, Plaintiff's allegations regarding allegedly unpaid overtime, non-compliant meal periods, non-compliant rest breaks, and associated attorneys' fees places at least **$105,910.88** in controversy.

28. The above estimate takes into account only *three* of Plaintiff's causes of action and thus does not include the additional amounts Plaintiff seeks for alleged violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 1194, 1197, and 1182.12 and the UCL. While Shopify reserves the right to dispute Plaintiff's, the putative class members', and allegedly aggrieved employees' ability to recover any remedies, including potentially duplicative remedies, *see O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1008 (N.D. Cal. 2014) (dismissing as redundant UCL claim predicated on identical factual allegations as substantive Labor Code claims), taking his allegations as true, these additional claims would place even more in controversy, beyond the conservative $105,910.88 estimated above, further confirming that the total amount in controversy well exceeds the statutory minimum of $75,000.

### IV.  THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

29. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and (c) because:

   a. Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and New York as such, there is complete diversity of citizenship; and

   b. The amount in controversy sought by Plaintiff exceeds $75,000.

30. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446.

31. Under 28 U.S.C. § 1441(a), venue is proper because the United States District Court for the Northern District of California is the federal judicial district embracing the San Mateo County Superior Court, where the suit was originally filed. 28 U.S.C. § 84(a).

32. Upon filing this Notice of Removal, Shopify will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the San Mateo Superior Court, in accordance with 28 U.S.C. § 1446(d).

33. Shopify therefore removes this action from San Mateo County Superior Court.

Dated: October 11, 2024                                GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Rachel S. Brass*
       Rachel S. Brass

Attorneys for Defendant
SHOPIFY (USA) INC.