UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LAZARES,<br><br>  Plaintiff,<br><br>  v.<br><br>SHOPIFY (USA), INC.,<br><br>  Defendant. | Case No. 24-cv-07125-HSG<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 12 |

Pending before the Court is Defendant Shopify (USA) Inc.'s motion for judgment on the pleadings. Dkt. No. 12. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Matthew Lazares initially filed this putative class action in the Superior Court of San Mateo. *See* Dkt. No. 1 at ¶ 1. In the amended complaint, Plaintiff alleges that Defendant misclassified him and other commissioned sales employees as "exempt," in violation of California law. *See* Dkt. No. 1-2 ("FAC") at ¶¶ 23–34. As a result, Plaintiff asserts that they were not properly paid for overtime or sick time, did not receive proper meal and rest breaks due to their work obligations, and were not timely paid. *See id.* at ¶¶ 35–51, 86–95. Plaintiff also alleges that Defendant would frequently alter the Commission Plans, which include sales quotas for commissioned employees, without the agreement of or notice to the affected employees. *See id.* at ¶¶ 52–57. These employees, therefore, could not effectively calculate their commissions or track their progress toward sales targets. *See id.* at ¶ 57.

Plaintiff also identifies several aspects of the Commission Plans and other written

agreements that he says are unlawful. He alleges:

- The Commission Plans require California sales employees to waive their right to bring a claim for unpaid wages. *See id.* at ¶¶ 58–62. The Plans also limit the notice period for calculating entitlements under the Plans. *Id.*
- The Intellectual Property Rights Agreement ("IP Agreement") prohibits employees from discussing the Commission Plans, therefore preventing employees from discussing key terms and conditions of their employment (namely, their wages) with anyone. *See id.* at ¶¶ 63–66. Plaintiff also contends that the IP Agreement's broad confidentiality requirements operate as a de fact non-compete agreement and the IP Agreement contains an unlawful non-solicitation clause. *See id.* at ¶¶ 71–77. Plaintiff further alleges that the IP Agreement does not contain the notice required under California Labor Code § 2870 for agreements that require an employee to assign his rights in any invention to his employer. *Id.* at ¶¶ 82–85.
- The Performance Improvement Plan ("PIP") requires that employees keep the PIP "strictly confidential," which prevents employees from discussing the terms and conditions of their employment with anyone. *See id.* at ¶¶ 67–68.

Based on these allegations, Plaintiff brings several causes of action for violations of the California Labor Code and California Wage Orders, and as relevant here, violations of the California Unlawful Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"). *See id.* at ¶¶ 107– 210. Defendant has moved to dismiss Plaintiff's UCL claim. Dkt. No. 12.

## II.     LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Granting a judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys.,*

2

*Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) ) (quotation omitted).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff's UCL claim is premised on several purportedly unlawful practices, including misclassifying employees and requiring them to sign employment documents that contain unlawful provisions. *See* FAC at ¶¶ 178–192. Plaintiff seeks injunctive relief under the UCL to prevent Defendants from continuing such practices. *See id.* at ¶ 190; *see also* Prayer for Relief at p.39. In its motion for judgment on the pleadings, Defendant raises several procedural problems with Plaintiff's UCL claim. *See* Dkt. No. 12.

### A. Equitable Relief

Defendant first argues that Plaintiff cannot seek equitable relief under the UCL because he has failed to allege that he lacks an adequate remedy at law. *See* Dkt. No. 12 at 5–7. "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1313 (9th Cir. 2022). Defendant urges that because Plaintiff's UCL

3

1   claim is premised on the same Labor Code violations for which he is seeking monetary damages,
2   Plaintiff has an adequate remedy at law. *See* Dkt. No. 12 at 5–6.  Plaintiff appears to agree that he
3   must plead an inadequate legal remedy to pursue equitable relief under the UCL.  *See* Dkt. No. 16
4   at 6.  Instead, he responds that he is seeking (1) injunctive relief and (2) restitution, which are
5   distinct from any monetary damages for the Labor Code violations.  *See id.*

6         As an initial matter, Plaintiff does not explicitly allege that he lacks an adequate remedy at
7   law.  *See generally* FAC.  Nor is this necessarily apparent from the rest of the FAC.  Requesting
8   equitable relief is not same as pleading inadequate legal remedies.  Even considering Plaintiff's
9   requested equitable relief, however, the FAC remains deficient.

10        Plaintiff has alleged that in addition to monetary damages, he and the putative classes "are
11  entitled to  preliminary and permanent injunctive relief enjoining Defendants from continuing to
12  commit their illegal acts, and for an accounting for and restitution of the monies unlawfully
13  withheld and retained by Defendants and other appropriate relief available . . . ." *See* FAC at
14  ¶ 190; Prayer for Relief at p. 39.  However, "a former employee has no claim for injunctive relief
15  addressing the employment practices of a former employer absent a reasonably certain basis for
16  concluding he or she has some personal need for prospective relief." *Bayer v. Neiman Marcus*
17  *Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017).

18        In his opposition brief, Plaintiff suggests that despite no longer working for Defendant, he
19  is seeking protection from Defendant's ongoing enforcement of its unlawful agreements against
20  him.  *See* Dkt. No. 16 at 6–11.  Specifically, Plaintiff states that he and other former employees
21  "are presently unable to assert property rights over their own inventions" based on language in the
22  IP Agreement, and cannot apply for, have to forgo, or are denied "more renumerative positions"
23  because of the non-compete clause.  *See id.* at 7–8, 11.  But none of this is alleged in the FAC.
24  Plaintiff does not allege that he has any inventions over which he is unable to assert property
25  rights.  Nor does he allege how, if at all, his job search has been affected by any non-compete
26  clause or threat of its enforcement.  The FAC does not explain how Defendant continues to
27  enforce its agreements against Plaintiff at all.  *Cf. Hodgers-Durgin v. de la Vina*, 199 F.3d 1037,
28  1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief,

they may not represent a class seeking that relief."). The FAC only includes a conclusory statement that "Defendants have enforced and continued to enforce their illegal non-compete clauses as well as their overly broad IP Agreement that operates as a non-compete agreement." *See* FAC at ¶ 76. This is not enough, and Plaintiff may not amend the complaint through his opposition brief.

Plaintiff also suggests in passing that he is seeking restitutionary damages. *See* Dkt. No. 16 at 8–11. He states that "Defendant is in possession of funds that belong to Plaintiff and the California Sales Employees, namely their earned and due commissions . . . ." *Id.* at 9. Yet critically, Plaintiff fails to explain how such monetary damages are distinct in any way from the monetary award he would obtain in unpaid wages if he was successful in proving his Labor Code claims.

### B. Standing

Although Plaintiff's UCL claim fails for the reasons detailed above, for efficiency, the Court will briefly consider Defendant's remaining arguments. To the extent Plaintiff's UCL claims are premised on Defendant's enforcement of its agreements, Defendant urges that Plaintiff has failed to allege that he has standing to bring such a claim. *See* Dkt. No. 12 at 7–9.

To establish standing under Article III of the Constitution, a plaintiff must allege an "injury in fact," which is concrete and particularized, and neither conjectural nor hypothetical. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, to have standing to seek prospective injunctive relief, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quotation omitted). As already explained above, Plaintiff has not alleged how he personally is at risk of any future injury. Plaintiff does not allege that Defendant has enforced, attempted to enforce, or will attempt to enforce any aspect of the agreements against him.

In addition to the requirements of Article III standing, the UCL has additional standing requirements that require a plaintiff to (1) plead an economic injury and (2) show that the injury was caused by the challenged conduct. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (Cal. 2011). Here, Plaintiff does not allege how he suffered any economic injury due to the IP

5

Agreement or the PIP. Plaintiff's suggestion that he was forced "to forego lucrative positions that compete with Defendant" and that he could not "profit off of [his] inventions," *see* Dkt. No. 16 at 13, is simply not pleaded in the FAC.

## IV.  CONCLUSION

The Court **GRANTS** the motion for judgment on the pleadings. Dkt. No. 12. As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings under Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *See Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008). At this stage in the litigation, the Court cannot say that amendment would be futile. Plaintiff may therefore file an amended complaint within 21 days of the date of this order. Plaintiff is cautioned that he should fully plead his best case as there is no guarantee that the Court will grant further leave to amend.

The Court further **SETS** case a case management conference on April 1, 2025, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further **DIRECTED** to file a joint case management statement by March 25, 2025.

**IT IS SO ORDERED.**

Dated: 2/4/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge