UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LAZARES,<br><br>Plaintiff,<br><br>v.<br><br>SHOPIFY (USA), INC.,,<br><br>Defendant. | Case No. 24-cv-07125-HSG<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 29 |

Pending before the Court is Defendant Shopify (USA) Inc.'s second motion for judgment on the pleadings. Dkt. No. 29. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Matthew Lazares initially filed this putative class action in the Superior Court of San Mateo. *See* Dkt. No. 1 at ¶ 1. The Court previously granted Defendant's motion for judgment on the pleadings, Dkt. No. 22, and Plaintiff filed a second amended complaint. Dkt. No. 23 ("SAC"). The factual allegations are largely unchanged.

Plaintiff alleges as before that Defendant misclassified him and other commissioned sales employees as "exempt," in violation of California law. *See id.* at ¶¶ 23–34. As a result, Plaintiff asserts that they were not properly paid for overtime or sick time, did not receive proper meal and rest breaks due to their work obligations, were regularly forced to work seven consecutive days without a day off, and were not timely paid. *See id.* at ¶¶ 35–51, 89–100. Plaintiff also alleges that Defendant would frequently alter the Commission Plans, which include sales quotas for commissioned employees, without the agreement of or notice to the affected employees. *See id.* at

¶¶ 52–57. These employees, therefore, could not effectively calculate their commissions or track their progress toward sales targets. *See id.* at ¶ 57. Plaintiff also identifies several aspects of the Commission Plans and other written agreements that he says are unlawful. *See, e.g.*, *id.* at ¶¶ 58–88. For example, Plaintiff alleges that Defendant required him and other putative class members to sign unlawful confidentiality and non-compete agreements. *Id.*

Based on these allegations, Plaintiff brings several causes of action for violations of the California Labor Code and California Wage Orders, and as relevant here, violations of the California Unlawful Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"). *See id.* at ¶¶ 111–233. Defendant once again has moved for judgment on the pleadings as to Plaintiff's UCL claim and requests for equitable relief. Dkt. No. 29.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Granting a judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) ) (quotation omitted).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual

1   allegations in the complaint as true and construe the pleadings in the light most favorable to the
2   nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
3   2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory,
4   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536
5   F.3d 1049, 1055 (9th Cir. 2008).

**III.   DISCUSSION**

The Court previously dismissed Plaintiff's UCL claim under Rule 12(c), finding that Plaintiff had failed to allege that he lacked adequate legal remedies and had failed to allege that he had standing to pursue equitable relief. *See* Dkt. No. 22.  Defendant argues that Plaintiff has failed to remedy these deficiencies, and the Court agrees.

**A.   Equitable Jurisdiction**

Defendant first argues that Plaintiff cannot seek equitable relief under the UCL because he has failed to allege that he lacks an adequate remedy at law. *See* Dkt. No. 29 at 5–9.  "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1313 (9th Cir. 2022).

In the SAC, Plaintiff seeks "equitable restitutionary damages" and "disgorgement of profits" based on Defendant's alleged violations of California labor laws. *See* SAC at ¶¶ 189–203, 214, Prayer for Relief at pp.43–44.  Plaintiff urges that, although his UCL claim is premised on labor law violations, he nevertheless lacks an adequate remedy at law because the California Labor Code only has a three-year statute of limitations whereas the UCL has a four-year statute of limitations. *See id.* at ¶¶ 189–197; *see also* Dkt. No. 35 at 2, 5–8.  In other words, Plaintiff asserts that he lacks an adequate remedy of law as to the additional fourth year for which damages are unavailable under the Labor Code's statute of limitations. *Id.*

The Ninth Circuit has previously rejected reliance on a statute of limitations as a basis for considering legal relief inadequate. *See Guzman*, 49 F.4th at 1312.  In *Guzman*, the Court explained that "equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar." *Id.*  The Court considered whether a plaintiff could bring a UCL

claim in federal court when his California Consumers Legal Remedies Act ("CLRA") claim, based on the same conduct, had been dismissed as time barred. *Id.* at 1311–12. The Court reasoned that the plaintiff had an adequate legal remedy in the time-barred CLRA claim. *Id.* The Ninth Circuit explained that the "failure to have timely pursued [a legal] claim cannot confer equitable jurisdiction on a federal court to entertain [a] UCL claim." *Id.* at 1312.

Relying on such reasoning, courts in this district have rejected the same argument that Plaintiff makes here. *See*, *e.g.*, *Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 892 (N.D. Cal. 2024); *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *7 (N.D. Cal. Oct. 6, 2021); *Hassell v. Uber Techs., Inc.*, No. 20-CV-04062-PJH, 2021 WL 2531076, at *21 (N.D. Cal. June 21, 2021). The Court finds the reasoning of these cases persuasive and adopts it here. "[T]he fact that the statute of limitations has now lapsed [as to this fourth year] does not, on its own, render the more limited legal remedies now available to [him] inadequate." *Cook*, 737 F. Supp. 3d at 893.

Plaintiff has failed to identify any binding authority to support his assertion that he lacks adequate remedies at law based solely on a difference in the statute of limitations applicable to a direct Labor Code claim and a UCL claim based on Labor Code violations. Plaintiff relies heavily on two state court cases that predate *Guzman*. *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163 (Cal. 2000), and *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185 (Cal. 2013). But even if California courts permit plaintiffs to use the UCL to bridge the gap in statutes of limitations, that is not germane to the Court's equitable jurisdiction here. As the Ninth Circuit explained in *Guzman*, "even if the relevant state court would allow the equitable claims to proceed, the federal court must apply federal principles governing equity jurisdiction." *Guzman*, 49 F.4th at 1312 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841–44 (9th Cir. 2020)).

Notably, the only federal cases that Plaintiff has identified do not appear to support his argument either:

- Plaintiff purportedly quotes *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D.

4

Cal. 2021),[1] but the quoted language does not appear in *Zeiger* at all.  Moreover, the case does not address the question of whether equitable relief is available, or legal remedies are considered inadequate for purposes of equitable jurisdiction, for conduct falling outside the statute of limitations.  Rather, the court in *Zeiger* acknowledged that equitable restitution may sometimes be barred where "equitable restitution [] seek[s] to compensate a plaintiff for the same past harm as monetary damages."  *Id.*

- Plaintiff cites *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 918–19 (E.D. Cal. 2020), indicating that the court "den[ied a] motion to dismiss [a] UCL claim where [the] legal claim was barred by time and UCL provided the only available remedy."  Dkt. No. 35 at 7.  But here too, the case did not address whether legal remedies are inadequate for purposes of equitable jurisdiction based on a statute of limitations.  The court simply concluded that equitable relief was available to address alleged future harm.  *Id.*

- Plaintiff cites "*Adkins v. Comcast Corp.*, 2021 WL 4451451, at *4 (N.D. Cal. Sept. 29, 2021)."  *See* Dkt. No. 35 at 7, 17.  But this Westlaw citation is for an unrelated state criminal case, entitled *People v. Escobar*, 2021 WL 4451451 (Cal. Ct. App. Sept. 29, 2021).

- Plaintiff similarly cites "*Wilcox v. Harbor UCLA Med. Ctr. Guild*, No. 2:23-cv-02802-MCS-JC, 2023 WL 8359623, at *4 (C.D. Cal. Nov. 28, 2023)."  Dkt. No. 35 at 1.  But this Westlaw citation is for an unrelated New Jersey state court case, entitled *257-261 20th Ave. Realty, LLC v. Roberto*, 477 N.J. Super. 339, 349 (App. Div. 2023), *aff'd as modified*, 259 N.J. 417 (2025).  The Court also reviewed the *Wilcox* docket in PACER,

---

[1] Plaintiff attributes the following quotation to *Zeiger*:  "*Sonner* does not prohibit the assertion of equitable claims where legal remedies are genuinely unavailable, such as when statutes of limitation have run."  Dkt. No. 35 at 7.

5

and no order appears to have been filed on November 28, 2023. Elsewhere in the opposition brief, Plaintiff provides two other Westlaw citations for *Wilcox*. *See* Dkt. No. 35 at 5, 13. But these citations are also wrong: one is a New York state court reply brief and the other does not appear related to any case.

In short, Plaintiff offers no legal support for his argument that his legal remedies should be considered inadequate simply because the statute of limitations under the Labor Code is shorter than the statute of limitations under the UCL.[2]

Plaintiff also argues that he lacks adequate legal remedies to the extent his UCL claim is premised on alleged violations of California Business & Professions Code § 16600.1. *See* Dkt. No. 35 at 8–12; *see also* SAC at ¶¶ 72–83, 99–100. Plaintiff alleges that Defendant failed to provide him with notice that its non-compete agreements are void, as required under § 16600.1. *See id.* Plaintiff points out that § 16600.1 explicitly states that "[a] violation of this section constitutes an act of unfair competition." Cal. Bus. & Prof. Code § 16600.1(c). Relying on this language, Plaintiff appears to suggest that he does not have adequate legal remedies because the statute itself assumes that plaintiffs will bring a UCL claim to enforce their statutory rights. *See* Dkt. No. 35 at 8–12.

But Plaintiff's argument misses the mark. As Defendant points out, a plaintiff "may bring a private action to enforce this chapter [which includes § 16600.1,] for injunctive relief or *the recovery of actual damages*, or both." Cal. Bus. & Prof. Code § 16600.5(e)(1) (emphasis added). Although Plaintiff may not be seeking actual damages under § 16600.5(e)(1), *see* Dkt. No. 35 at 11, such relief is still statutorily available to him. *See McKesson HBOC, Inc. v. New York State*

---

[2] The Court has serious concerns that several of Plaintiff's authorities are miscited or misquoted. As detailed above, this does not appear to be an isolated clerical mistake. Moreover, counsel appears to have filed inaccurate citations in other cases in this district. Judge Orrick recently required counsel to explain how false quotations ended up in their opposition to a motion to dismiss in *Moons v. WalkMe, Inc., a Delaware corporation*, Case No. 24-cv-07798-WHO, Dkt. No. 44. The Court therefore **ORDERS** Plaintiff's counsel to **SHOW CAUSE** why they should not be sanctioned for providing inaccurate citations in their opposition brief. Counsel shall also indicate whether they used generative artificial intelligence to draft the opposition brief in whole or in part. Counsel shall file a statement of five pages or less by May 23, 2025.

6

*Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003) ("Whether [a plaintiff] chooses to pursue [legal] remedies . . . does not alter the availability of the remedies at law."). And critically, Plaintiff does not explain why such legal remedies—actual damages—are inadequate here to address any failure to provide him the required notice. To the extent Plaintiff suggests that there is some ongoing or future harm for which an injunction is needed, *see* Dkt. No. 35 at 10, the Court addresses this in Section III.B below.

### B. Standing

Setting aside his request for restitution and disgorgement of profits, Plaintiff also argues that he can still seek injunctive relief under the UCL to prevent Defendant from continuing its allegedly illegal practices. *See* Dkt. No. 35 at 1–4, 10, 14–15; *see* SAC at ¶¶ 196, 206, 213; *see also* Prayer for Relief at pp.43–44. Plaintiff urges that legal remedies are inadequate to protect him—and others—from Defendant's ongoing conduct. *See* Dkt. No. 35 at 3–4. Defendant argues, however, that Plaintiff still lacks standing to seek such relief. *See* Dkt. No. 29 at 9–11. The Court agrees.

To establish standing under Article III of the Constitution, a plaintiff must allege an "injury in fact," which is concrete and particularized, and neither conjectural nor hypothetical. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, to have standing to seek prospective injunctive relief, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quotation omitted).

As before, Plaintiff has not alleged how he, as a former employee, personally is at risk of any future injury. Plaintiff does not allege that Defendant has enforced, attempted to enforce, or will attempt to enforce any aspect of the allegedly unlawful agreements against him. Nor has he alleged that he somehow altered his behavior as a result of these agreements. Plaintiff claims that he has alleged a credible risk of future harm because he suffered "restrictions on his ability to pursue work, communicate with former colleagues, and protect his own creative output." Dkt. No. 35 at 15. But none of these allegations are in the SAC. Plaintiff also asserts that he "is not required to wait for Shopify to bring an enforcement action against him before seeking relief."

7

*See id.* But Plaintiff's own case indicates that "pre-enforcement review" is permissible for purposes of Article III only "under circumstances that render the threatened enforcement sufficiently imminent." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Plaintiff has failed to explain the imminency of any enforcement of the agreements against him.

In addition to the requirements of Article III standing, the UCL has additional standing requirements that require a plaintiff to (1) plead an economic injury and (2) show that the injury was caused by the challenged conduct. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (Cal. 2011). Here, Plaintiff does not allege how he suffered any economic injury due to Defendant's allegedly unlawful agreements. Plaintiff states that he "received an exit letter affirming that the unlawful provisions [of the agreements] remain in effect." *See* Dkt. No. 35 at 15 (citing SAC ¶¶ 70–71). But he has not alleged how he has suffered any economic injury as a result of the agreements or this exit letter.

## IV.  CONCLUSION

The Court **GRANTS** the motion for judgment on the pleadings. Dkt. No. 29. As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings under Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *See Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008). The Court finds, however, that further leave to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)). The Court already gave Plaintiff an opportunity to amend, and cautioned him to "fully plead his best case." *See* Dkt. No. 22 at 6. Although Plaintiff asks for another opportunity to amend, *see* Dkt. No. 35 at 16, he offers no explanation of what new allegations he would plead to support his UCL claim. The Court therefore **DISMISSES** the UCL claim without leave to amend and without prejudice to refiling in state court, as *Guzman* instructs. *See* 49 F.4th at 1314–15. The scheduling order, Dkt. No. 34, remains in effect.

The Court further **DIRECTS** Plaintiff's counsel to file their response to the order to show

1  cause by May 23, 2025, as discussed in footnote 2 above.

2  **IT IS SO ORDERED.**

3  Dated: 5/14/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge